UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE E. MARFUT,

    Plaintiff,

vs.                                                                           Case No. 8:08-cv-2006-T-27EAJ

THE CITY OF NORTH PORT, FLORIDA,
et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 25) recommending that Defendants' motions to dismiss (Dkts. 10, 14) be granted. Plaintiff has filed objections to the Report and Recommendation (Dkts. 30, 35), and Defendants have filed responses (Dkts. 31, 33).

### *Standard*

The district court is required to "make a de novo determination of those portions of the Magistrate Judge's report . . . or recommendation to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

### *Discussion*

The Report and Recommendation contains a thorough account of the relevant facts.[1] In

---

[1] Although Plaintiff objects to certain portions of the facts as set forth, the Report and Recommendation accurately recounts the facts as alleged in the Complaint.

1

brief, Plaintiff challenges Defendant City of North Port's assessment and enforcement of fines on two properties owned by her, and the conduct of the law firm and attorneys for the City, Defendants Nelson-Hess Law Office, Robert Robinson, and Daniel Guarnieri, in connection with those proceedings. Plaintiff brings claims pursuant to the Fourth Amendment, Eighth Amendment, Equal Protection Clause, the Fair Debt Collection Practices Act ("FDCPA"), and Racketeering Influenced and Corrupt Organizations Act ("RICO"), and also asserts violations of three criminal statues, 18 U.S.C. §§ 1341, 1951, 1346.

The Magistrate Judge correctly recommended dismissal with prejudice of Plaintiff's claims for violations of 18 U.S.C. §§ 1341, 1951, and 1346, as these are criminal statutes that do not provide a private right of action. Counts IV, V, and VI are dismissed with prejudice.

In addition, the Magistrate Judge correctly recommended dismissal with prejudice of Plaintiff's FDCPA claim, as Plaintiff's fines do not constitute a "debt" within the meaning of the statute. *See* 15 U.S.C. § 1692a(5). Count III is dismissed with prejudice.

With respect to Plaintiff's claim for Fourth Amendment and Eighth Amendment violations, Plaintiff has not alleged facts indicating that an unreasonable search or seizure occurred or that she suffered a grossly disproportionate fine. Plaintiff's objection contains facts not alleged in the Complaint, which are not appropriate for consideration herein. Count I is therefore dismissed with leave to amend. To the extent Plaintiff amends, Plaintiff is instructed to include all relevant factual allegations in the Amended Complaint, to plead the claims pursuant to 42 U.S.C. § 1983, and to allege separate counts for each claimed constitutional violation.

The Magistrate Judge construed Count II, which fails to identify a specific legal theory, as an equal protection claim. This Court finds, *sua sponte*, that Plaintiff must provide a more definite

statement of her claim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[2] *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008). Count II is accordingly dismissed with leave to amend.

Finally, Plaintiff fails to state a RICO claim. As an initial matter, Plaintiff fails to specifically allege the requisite predicate acts in Count VII. In addition, although the Magistrate Judge construed the Complaint as alleging the predicate acts of mail fraud and extortion, Plaintiff fails to plead her claims with the requisite specificity as to each Defendant. Plaintiff also fails to allege that the mailings contained misrepresentations, sufficient to render them fraudulent, and fails to allege actionable extortion. Count VII is therefore dismissed with leave to amend.

## *Conclusion*

After careful consideration of Report and Recommendation, Plaintiff's objections, and Defendants' responses, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED AND ADJUDGED**:

1) The Report and Recommendation (Dkt. 25) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Defendants' Motions to Dismiss (Dkt. 10, 14) are **GRANTED**. Counts III, IV, V,

---

[2] To the extent Plaintiff is attempting to raise a "class of one" selective enforcement challenge, Plaintiff must allege that: (1) she was treated differently from other similarly situated individuals; and (2) the City unequally applied a facially neutral ordinance for the purpose of discriminating against Plaintiff. *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1045 (11th Cir. 2008). As to the first element, Plaintiff must identify other similar individuals or entities with "some specificity." *Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2006); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1207 (11th Cir. 2007) (courts are "obliged to apply the 'similarly situated' requirement with rigor"). Plaintiff has failed to include the requisite allegations in Count II. In addition, Plaintiff has not alleged facts indicating that Defendants engaged in the requisite "intentional or purposeful discrimination." *E & T Realty v. Strickland*, 830 F.2d 1107, 1112-13 (11th Cir. 1987).

and VI are **DISMISSED WITH PREJUDICE**. Counts I, II, and VII are **DISMISSED WITHOUT PREJUDICE**. Within twenty (20) days of the date of this Order, Plaintiff may file an Amended Complaint as to those claims dismissed without prejudice. <u>Plaintiff's failure to timely file an Amended Complaint will result in the dismissal of the entire action with prejudice</u>.

**DONE AND ORDERED** in Tampa, Florida, on this 24th day of March, 2009.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record
Plaintiff